# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE ANGEL MAGANA, <br><br> Defendant. | Case No.: 19-CR-2581 (DMS) <br><br> **ORDER RE: SEALED DOCUMENTS** |

On November 3, 2020, Defendant Jose Angel Magana filed a motion in opposition to the Government's motion to file under seal. The Government does not oppose but requests that the Court also unseal Defendant's motion to reconsider and all corresponding docket entries that do not warrant sealing. For the following reasons, Defendant's motion is granted.

## I.
## BACKGROUND

On October 23, 2020, Defendant filed a motion to seal its motion for reconsideration and the motion for reconsideration itself. (ECF Nos. 73, 75.) The Court granted Defendant's motion to file under seal. (ECF No. 74.) On October 30, 2020, the Government moved to file its opposition to Defendant's motion to reconsider under seal. (ECF Nos. 77, 79.) The Court granted the Government's motion to file under seal. (ECF

No. 78.) Defendant now moves in opposition to the Government's motion to file under seal. (ECF No. 80.) Essentially, Defendant would like the Court to unseal the Government's response to Defendant's motion to reconsider. The Government does not oppose, but requests that the Court also unseal Defendant's motion to seal its motion to reconsider, and Defendant's motion to reconsider. (Response at 3-4.) The Government does not oppose keeping Exhibit A to Defendant's motion to reconsider under seal. (Response at 4.)

## II.

## DISCUSSION

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). However, this right is "not absolute" and a "narrow range of documents is not subject to the right of public access at all because the records have traditionally been kept secret for important policy reasons." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotations omitted). The party seeking to seal a judicial record bears the burden of overcoming the strong presumption in favor of access by meeting the "compelling reasons" standard. *Id*. District courts within the Ninth Circuit have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing purposes. *Aguilar v. Koehn*, No. 16-cv-0529-MMD-CBC, 2018 WL 4839021, at *2 (D. Nev. Oct. 4, 2018).

Here, the Government does not oppose the unsealing of its response to Defendant's motion to reconsider. Therefore, the Court orders the Government's response to Defendant's motion to reconsider be unsealed. (ECF No. 79.) The Government also does not oppose keeping Exhibit A to Defendant's motion to reconsider under seal. Exhibit A is a letter from a doctor describing Defendant's medical conditions for which he has been treated. The Court orders that Exhibit A to Defendant's motion to reconsider remain under seal. (ECF No. 75 at 12-13.) However, the Court orders that Defendant's motion to

reconsider itself be unsealed there is no "compelling reason" to keep it sealed. (ECF No. 75 at 1-11.)

### III.

### CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion is GRANTED and the following documents will be unsealed: Defendant's motion to file under seal his motion to reconsider (ECF No. 73) and the order granting that motion (ECF No. 74), Defendant's motion to reconsider (ECF No. 75 at 1-11), the Government's motion to file under his seal its response to Defendant's motion to reconsider (ECF No. 77) and the order granting that motion (ECF No. 78), and the Government's response to Defendant's motion to reconsider (ECF No. 79).

**IT IS SO ORDERED.**

Dated: December 14, 2020

Hon. Dana M. Sabraw
United States District Judge